# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF NORFOLK, OCTOBER TERM 1827, AT DEDHAM.

PRESENT:

HON. ISAAC PARKER, CHIEF JUSTICE,
HON. SAMUEL PUTNAM, ⎫
HON. SAMUEL S. WILDE, ⎬ JUSTICES.
HON. MARCUS MORTON, ⎭

---

## JOHN G. NEEDHAM, Appellant, *versus* TIMOTHY IDE.

When a will is offered for probate, the subscribing witnesses may give their opinions
in regard to the sanity of the testator ; the mere opinions of other witnesses are
not competent evidence, nor entitled to any weight, except so far as they are sup-
ported by the facts and circumstances proved.

THIS was an appeal from a decree of the judge of probate
approving the will of Samuel Needham. The principal ques-
tion submitted to the jury was, whether the testator was of
sane mind at the execution of the will. The three subscribing
witnesses testified, among other things, that in their *opinion*
he was of sane mind. Some of the witnesses called by the
appellant, without being asked their opinions, in the course
of their testimony stated their *opinions* of the insanity of the
testator.

The counsel for the appellant, in arguing to the jury, con-
tended that in cases of conflicting evidence, the testimony of

518

tne subscribing witnesses, with like means of forming opinions, was not entitled to so much weight as that of the other witnesses, because the former, having made up an opinion at the execution of the will, were influenced by the pride of opinion and a desire to support an instrument which they have sanctioned by their attestation ; while the latter were free from the influence of any previous bias ; and that these remarks were particularly applicable to professional witnesses, (one of the subscribing witnesses being of this description.)

*Morton* J., in summing up, stated to the jury, that the subscribing witnesses, being with the testator when he signed the will and required to notice the state of his mind, might lawfully give their *opinions* of his sanity, but that the *mere opinions* of other witnesses were not competent evidence, and were not entitled to *any weight*, further than they were supported by the facts and circumstances proved on the trial.

The appellant excepted to this instruction.

*Rand*, in support of the exceptions, contended that on a question of this sort, where the testimony relates to a fact to be inferred from many little circumstances and from which the witness can draw the inference better than the jury, the opinion of the witness should be received, for it is the best evidence which the nature of the case admits.  In general, where a witness testifies as to distances, time, the identity of a person, the genuineness of writing, &c., he merely states his *opinion*.  A witness may on sufficient grounds believe a man to be insane, and yet be able to mention hardly a single circumstance which led him to that conclusion.  No good reason can be given for the distinction in favor of the subscribing witnesses.  They have not a better opportunity of judging than other witnesses, nor will they probably be so free from bias.  *M'Kee* v. *Nelson*, 4 Cowen, 355 ; Glassford on Ev. 268 ; 1 Stark. Ev. 519, note ; *Goodtitle* v. *Braham*, 4 T. R. 498.

*Metcalf, contrà*, cited *Heyward* v. *Hazard*, 1 Bay, 335 : *Rambler* v. *Tryon*, 7 Serg. & Rawle, 92 ; *Irish* v. *Smith*, 8 Serg. & Rawle, 371 ; *Lessee of Hoge* v. *Fisher*, 1 Peters's C. C. R. 164 ; *Chase* v. *Lincoln*, 3 Mass. R. 237 ; *Poole* v. *Rich-*

Needham
*v.*
Ide.

*March term*
1827,
*in Suffolk.*

512

*ardson*, ibid. 330 ; *Buckminster* v. *Perry*, 4 Mass. R. 593; *Hathorn* v. *King*, 8 Mass. R. 371.[1]

The Court afterwards overruled the exceptions.